IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

vs.                                         Case Nos.:   4:02cr3/MW/CAS
                                                         4:14cv278/MW/CAS
**DANIEL JUNIOR UPSHAW**

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and supporting memorandum of law (doc. 51). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

In June of 2002, Defendant was sentenced to a term of 360 months imprisonment on controlled substance and firearms offenses. His sentence was later reduced to 329 months (*see* docs. 30, 35). Although he filed several motions for reductions in his sentence

pursuant to 18 U.S.C. § 3582, he has not previously filed a motion pursuant to 28 U.S.C. § 2255.  In the instant motion, Defendant now contends that he is entitled to re-sentencing because, under the Supreme Court's decision in Descamps v. United States, 133 S.Ct. 2276 (2013), the state convictions used to enhance his sentence in this case are no longer qualifying predicate offenses.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.   Defendant claims that his motion is timely filed pursuant to 28 U.S.C. § 2255(f)(3) under Descamps.[1]

---

[1] In Descamps, the defendant was convicted of possession of a firearm by a convicted felon and sentenced under the ACCA, based in part upon his prior burglary conviction under California law.  Descamps involved application of the "residual clause" of the ACCA, § 924(e)(2)(B)(ii), which defines "violent felony" as "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The California burglary statute did not include an element of the generic crime of burglary; it did not require that a burglar "enter or remain unlawfully in a building."  The Supreme Court held that federal sentencing courts may not apply the "modified categorical approach" (meaning, consulting a limited class of documents, such as indictments and jury instructions) to sentencing under ACCA's "residual clause" when the state crime of which the defendant was convicted has a single, indivisible set of elements (meaning, the statute did not contain alternative elements). 133 S.Ct. at 2281–82.

Case Nos.: 4:02cr3/MW/CAS; 4:14cv278/MW/CAS

The Supreme Court has clearly stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001). The Supreme Court has not declared its decision in Descamps to be retroactively applicable on collateral review, nor has the undersigned found any cases applying Descamps retroactively to cases on collateral review, although many cases have held to the contrary.  See, e.g., United States v. Boykin, Case Nos. 4:07cr38-RH/GRJ, 4:14cv224-RH/GRJ, 2014 WL 2459721 (N.D. Fla., May 31, 2014) (dismissing § 2255 filed in reliance on Descamps as untimely); Larvie v. United States, Case No. CIV 14-3006, 2014 WL 2465588, at *5 (D. S.D. June 2, 2014) (denying motion based on Descamps and noting that court had found no cases that had found Descamps retroactively applicable on collateral review); Pulley v. United States, Case Nos. 2:13CV257-PPS, 2:04CR12-PPS, 2014 WL 2206893, at *2 (N.D. Ind. May 27, 2014) (finding that Descamps broke no new found and thus did not "revive the one year limitations period of § 2255"); Baker v. Zych, Case No. 7:13cv512, 2014 WL 1875114, at *2 (W.D.Va. May 9, 2014) (collecting decisions finding that Descamps is not retroactive on collateral review);  Valencia-Mazariegos v. United States, Case No. A-09-CR-228-SS, 2014 WL 1767706 at *3 (W.D. Tex. May 1, 2014) ("the Supreme Court has not declared its decision in Descamps to be retroactively applicable on collateral review, and this Court has not found any lower court cases applying Descamps retroactively to cases on collateral review"); Harr v. United States, Case No. 14-cv-1152, 2014 WL 1674085 at *3 (C.D. Ill. 2014) (Descamps did not announce a new rule of law but merely clarified existing

law and thus did not apply retroactively on collateral review); United States v. Hastings, Case No. 11-25(1)(RHK/FLN), 2014 WL 1584482 at *7 (D. Minn. Apr. 21, 2014) (noting the Supreme Court has not held that Descamps is retroactively applicable on collateral review and the court was unaware of any other federal court applying Descamps to a case that became final on direct appeal before Descamps was decided); Hoskins v. Coakley, Case No. 4:13 CV 1632, 2014 WL 245095 at *5 (N.D.Ohio, Jan. 22, 2014) ("there is no suggestion that the Supreme Court intended Descamps to be applied retroactively to cases which already became final after appeals"); Roscoe v. United States, No. 2:11–CR–37–JHH–RRA, 2013 WL 5636686, at *11 (N.D. Ala. Oct.16, 2013) (noting the Supreme Court has not made Descamps retroactively applicable on collateral review); Strickland v. English, No. 5:13–CV–248–RS–EMT, 2013 WL 4502302, at *8 (N.D. Fla. Aug.22, 2013) (finding Descamps was not retroactive and thus "does not open the § 2241 portal" to review claims under the savings clause).  Because Descamps is not retroactively applicable on collateral review, it does not afford Defendant relief.  Defendant's motion is time-barred and should be dismissed.[2]

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the

---

[2] Defendant's complete reliance on Descamps forecloses the need for a discussion of equitable tolling.

Case Nos.: 4:02cr3/MW/CAS; 4:14cv278/MW/CAS

showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (doc. 51) be summarily **DENIED and DISMISSED** as untimely.

2.  A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this  19th  day of June, 2014.

>  s/ Charles A. Stampelos
>  **CHARLES A. STAMPELOS**
>  **UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 4:02cr3/MW/CAS; 4:14cv278/MW/CAS

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).