IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.   Case Nos.: 4:02cr3/MW/CAS
     4:16cv304/MW/CAS

DAVID JUNIOR UPSHAW,

   Defendant.

---

# REPORT AND RECOMMENDATION

Defendant David Junior Upshaw has filed an "Amended Motion to Correct Sentence Under 28 U.S.C. § 2255." (ECF No. 73). The Government has filed a response in opposition. (ECF No. 74). Defendant has filed a reply. (ECF No. 75). After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

In March of 2002, Defendant pleaded guilty to conspiracy to distribute and to possess with intent to distribute more than 500 grams of cocaine base (count one); possession of a firearm during and in relation to a drug

Case Nos.: 4:02cr3/MW/CAS; 4:16cv304/MW/CAS

trafficking crime (count four); and possession of a firearm by a convicted felon (count five) in violation of 18 U.S.C. §§ 841, 846, 851, 922 and 924. (ECF Nos. 20, 23).   The Presentence Investigation Report ("PSR") outlined Defendant's criminal history which included one conviction for possession of a controlled substance with intent to sell and two Florida burglary convictions.   (ECF No. 58, PSR ¶¶ 40-42).   The court determined that based on the same predicates Defendant qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA") and as a career offender under United States Sentencing Guideline ("U.S.S.G.") § 4B1.1.   (ECF No. 58, PSR ¶¶ 29, 30).   As a result of his criminal history, Defendant was subject to an enhanced statutory term of 15 years to life imprisonment under the ACCA and a greater Guidelines range as set forth in U.S.S.G. § 4B1.4.   In computing Defendant's sentence, counts one and five were grouped together.   Because Defendant's offense level for count one was higher under the drug guidelines contained in Chapter 2 of the U.S.S.G., 38 instead of 35, § 2D1.1 was used to calculate his sentence as to counts one and five.   (ECF No. 58, PSR ¶¶ 20, 21, 23). After a three-level reduction for acceptance of responsibility, the PSR

Case Nos.: 4:02cr3/MW/CAS; 4:16cv304/MW/CAS

calculated the Guideline range of imprisonment between 292 and 365 months with a total offense level of 35 and a criminal history category of VI. (ECF No. 58, PSR ¶ 78). On June 14, 2002, Defendant was sentenced to 300 months' imprisonment on counts one and five, to run concurrently, and to 60 months on count four, to run consecutively to the sentences imposed in counts one and five, followed by a total of ten years of supervised release. (ECF No. 30). Defendant did not appeal.

In March of 2008, Defendant filed a motion under 18 U.S.C. § 3582(c) for a sentence reduction based on Amendment 706 of the U.S.S.G. (ECF No. 32). On April 30, 2008, the court reduced Defendant's sentences on counts one and five to 269 months with the mandatory 60 month consecutive sentence on count four unchanged; the amended offense level was 37 and the amended Guideline range was 262 to 327 months'. (ECF No. 35).[1] In June of 2014, Defendant filed his first § 2255 motion claiming that he was entitled to a sentence reduction under *Descamps v. United*

---

[1] Defendant filed two more motions to reduce sentence under Amendment 706 which the court denied. (ECF Nos. 37, 38, 39, 42). Defendant appealed the order denying his third motion for reduction of sentence, and the Eleventh Circuit Court of Appeals dismissed the appeal for want of prosecution. (*See* ECF Nos. 45, 50).

Case Nos.: 4:02cr3/MW/CAS; 4:16cv304/MW/CAS

*States*, 133 S. Ct. 2276 (2013) (holding that sentencing courts could not use the "modified categorical approach" to determine whether a defendant's prior conviction was a violent felony under the ACCA when the crime of conviction had a single, indivisible set of elements). The court summarily denied and dismissed the motion as time-barred. (ECF Nos. 51, 52, 55).

On May 20, 2016, the Eleventh Circuit granted Defendant's application for leave to file a second or successive § 2255 motion as to count five of his sentence based on *Johnson v. United States*, 135 U.S. 2551 (2015), which held that the ACCA's "residual clause" is unconstitutionally vague. (*See* ECF No. 60). Although the Eleventh Circuit determined that Defendant made a *prima facie* showing that he met the criteria to file a second or successive § 2255 motion, this court reviews that determination *de novo*. *See Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that granting an application to file a successive postconviction motion is simply a threshold determination).

Defendant makes three arguments to support his claim that he is entitled to resentencing.    First, although Defendant concedes that his conviction for possession with intent to sell cocaine conviction qualifies as a serious drug offense under the ACCA, he argues that his two Florida convictions for burglary of a dwelling no longer qualify as violent felonies under either the residual or the enumerated offenses clauses of the ACCA. Therefore, he no longer has the three predicate offenses necessary to support a sentence enhancement under the ACCA.    (ECF No. 73 at 3-5). *See Johnson*, *supra*, and *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (holding that Florida's burglary statute is non-generic and indivisible).

Second, Defendant argues that he should be resentenced without the career offender enhancement because he believes that the reasoning in *Johnson* which invalidated the ACCA's residual clause on vagueness grounds should extend to and invalidate the residual clause of the Guidelines' definition of a "crime of violence."    *See* U.S.S.G.

§ 4B1.2(a).   (ECF No. 73 at 5-10).   Finally, Defendant argues that even if the career offender enhancement still applies, the court should employ the "sentencing package doctrine" to resentence him.   (*Id.* at 10-12).

*Residual Clause of the ACCA*:

Under the ACCA, a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence.   18 U.S.C. § 924(e)(1).   The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [*known as the elements clause*] or (ii) is burglary, arson, or extortion, involves the use of explosives [*known as the enumerated offenses clause*] or otherwise involves conduct that presents a serious potential risk of physical injury to another [*known as the residual clause*]."   18 U.S.C. § 924(e)(2)(B)(i) and (ii).   An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4.   After *Johnson*, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.   The Supreme Court held that *Johnson*

Case Nos.: 4:02cr3/MW/CAS; 4:16cv304/MW/CAS

announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016).

The Government argues that the court is without jurisdiction to grant relief in this case because Defendant's motion does not raise a claim under *Johnson*, which addresses the residual clause of the ACCA, but raises a claim under *Descamps*, which addresses the enumerated offenses clause of the ACCA. The Government concedes that Florida burglary convictions do not qualify as ACCA predicates after *Descamps*. (ECF No. 74 at 3). However, because *Descamps* has not been made retroactive to cases final on collateral review, a *Descamps* claim may not be brought in a second or successive motion to vacate. Thus, Defendant's motion is time-barred to the extent it relies on *Descamps*. (ECF No. 74 at 2-4 (citing *In re Hires*, 825 F.3d 1297, 1302-04 (11th Cir. 2016) (holding *Descamps* is not retroactive for purposes of a second or successive § 2255 motion); *In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016)).

In order to raise a *Johnson* claim, the Government's argues that Defendant has the burden to prove that the court relied on the residual

clause of the ACCA, rather than the enumerated offenses clause, in determining that his prior burglary offenses were ACCA predicates. According to the Government, Defendant cannot meet this burden because the PSR and record do not identify under which clause the two burglary convictions were deemed violent felonies.

The Government is correct on this point. After reviewing the record in this case, it cannot be determined which clause of the ACCA the court relied on in determining that Defendant's two Florida burglary convictions were violent felonies. To prove a *Johnson* claim in the Eleventh Circuit when the sentencing record does not specify which clause of the ACCA formed the basis for a defendant's sentencing enhancement, the defendant bears the burden of proving that he was "more likely than not" sentenced under the residual clause. *Beeman v. United States*, 871 F.3d 1215 at *5 (11th Cir. 2017). In *Beeman*, the court stressed that it is the state of the law at the time of sentencing that matters, explaining "[c]ertainly, if the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony, that circumstance would strongly point to a sentencing per the residual clause.

Case Nos.: 4:02cr3/MW/CAS; 4:16cv304/MW/CAS

However, a sentencing court's decision today that Georgia aggravated assault no longer qualifies under present law as a violent felony under the elements clause (and thus could now qualify only under the defunct residual clause) would be a decision that casts very little light, if any, on the key question of historical fact here: whether in 2009 Beeman was, in fact, sentenced under the residual clause only." *Id.* at *7 n.5.

In Defendant's case, the sentencing hearing was not transcribed, and Defendant did not raise any objections to his ACCA status in the PSR. (*See* ECF No. 28). When Defendant challenged his ACCA status in his first § 2255 motion in 2014, he attacked his prior controlled substance convictions, not his prior burglary convictions. (*See* ECF No. 51 at 15-25). In addition, when Defendant was sentenced in 2002, Florida burglary could be considered a predicate offense under the ACCA's enumerated offenses clause*.* The use of Florida burglaries as ACCA predicates did not come into question until five years later. *See United States v. James*, 550 U.S. 192, 197 (2007) (holding that attempted burglary as defined by Florida law is a "violent felony" under the ACCA's residual clause, not the enumerated offenses clause), *overruled on other grounds by Johnson*. *See also*,

*United States v. Weeks*, 711 F.3d 1255, 1262-63 (11th Cir. 2013) (noting that a conviction under Florida's non-generic burglary statute could qualify as an ACCA predicate under the enumerated offenses clause if the charging documents show the offense involved unlawful entry into a building or structure).   Accordingly, Defendant has not met his burden that it is "more likely than not" that the residual clause of the ACCA formed the basis for his sentencing enhancement.   Because Defendant has not raised a claim under *Johnson*, the court is without jurisdiction to entertain his motion.   However, the court will address Defendant's remaining claims to the extent necessary to explain why Defendant's arguments do not confer jurisdiction on this court to entertain the merits of his motion.

*Residual Clause of the Career Offender Guidelines*:

Defendant's argument that *Johnson* should be extended to the residual clause of the advisory Guidelines is foreclosed by the Supreme Court's recent decision in decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), in which the Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause because "they merely guide the exercise of a court's discretion in choosing an

appropriate sentence within the statutory range." *Beckles*, 137 S. Ct. at 892. The ACCA's residual clause, on the other hand, fixed in an impermissibly vague way a higher range of sentences for certain defendants which implicated "concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id*. at 894. *See also United States v. Matchett*, 802 F.3d 1185, 1194-95 (11th Cir. 2015) (holding that *Johnson* does not apply to the advisory Sentencing Guidelines and that the Guidelines are not subject to a similar vagueness challenge). Defendant acknowledges *Beckles*, but argues that he was sentenced when the Guidelines were mandatory, so *Beckles* is inapposite to cases like his. (ECF No. 73 at 6-10). The Government argues that this court is bound by circuit precedent holding that the Guidelines, even when mandatory, cannot be unconstitutionally vague. *See In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016). (ECF No. 74 at 6-7).

> In *Griffin*, the panel explained:
>
> For the following reasons, the logic and principles established in *Matchett*, also govern our panel as to Griffin's guidelines sentence when the Guidelines were mandatory.
>
> The Guidelines—whether mandatory or advisory—cannot be unconstitutionally vague because they do not establish the illegality of

> any conduct and are designed to assist and limit the discretion of the sentencing judge. *Id.* at 1195.  The limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague.  The Guidelines do not define illegal conduct: they are directives to judges for their guidance in sentencing convicted criminals, not to citizens at large. *Id.* at 1195–96.  Due process does not mandate notice of where, within the statutory range, the guidelines sentence will fall.
>
> Indeed, a defendant's due process rights are unimpaired by the complete absence of sentencing guidelines.  The Constitution does not require sentencing guidelines in noncapital cases. *Id.* at 1194.  Because there is no constitutional right to sentencing only under guidelines, the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague. *Id.* at 1194–95.  Before Congress enacted the Guidelines, the federal government had indeterminate sentencing. *Id.* at 1195.  Even vague guidelines cabin discretion more than no guidelines at all.

*Griffin*, 823 F.3d at 1354-55.

In reply, Defendant acknowledges *Griffin*, but disagrees that it is persuasive or controlling, particularly in light of *Beckles*, decided after *Griffin*, which reaffirmed that the void for vagueness doctrine applies to "laws that *fix the permissible sentences* for criminal offenses." (ECF No. 75 at 3-8 (citing *Beckles*, 137 S. Ct. at 892 (emphasis in original)); *see also United States v. Booker*, 543 U.S. 220 (2005) (rendering the Sentencing Guidelines effectively advisory).  Defendant argues that the court did not

have discretion to depart below the mandatory Guidelines, so the residual clause career offender provision that was used as part of his sentence is subject to the same void for vagueness designation as the ACCA's similar provision that was held unconstitutional in *Johnson*. (ECF No. 75 at 7-8). The Government argues that Defendant cannot claim that his sentence would have been lower if the Guidelines had not been mandatory, noting that the court sentenced Defendant eight months above the lower Guideline range in 2002, and seven months above the lower Guideline range when reducing Defendant's sentence in 2008, which was after *Booker*. (ECF No. 74 at 6-7). Therefore, the court had the ability to impose a lower sentence within the Guidelines twice, but declined to do so.

This undersigned finds that *Griffin*, and the circuit court cases citing *Griffin*, are binding on this court. *See In re Anderson*, 829 F.3d 1290, 1292-94 (11th Cir. 2016) (noting that in light of the precedents in *Matchett* and *Griffin*, Anderson failed to make a prima facie showing that he is entitled to file a successive § 2255 motion); *In re Sams*, 830 F.3d 1234, 1240 (11th Cir. 2016) ("[O]ur precedent holds that *Welch* does not make *Johnson* retroactive for purposes of filing a successive § 2255 motion

raising a *Johnson*-based challenge to the Sentencing Guidelines."); *see also In re Sapp*, 827 F.3d 1334, 1336 (11th Cir. 2016)(in which the panel disagreed with *Griffin*, but acknowledged that it was bound by its precedent in the context of mandatory Sentencing Guidelines). Accordingly, Defendant's challenge to his career offender sentence enhancement as imposed under the then-mandatory Sentencing Guidelines must fail.

*Sentencing Package Doctrine*:

Finally, Defendant argues that he should be resentenced on counts one and five because they were originally part of a package so resentencing is appropriate in light of the "sentencing package doctrine." The Eleventh Circuit has described this doctrine as a notion that, "especially in the guidelines era, sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires the court to craft an overall sentence – the sentence package – that reflects the guidelines and the relevant § 3553(a) factors." *United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014) (citing *United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010)). When a conviction or a sentence on one or more of the component counts is vacated, the district

court should be free to reconstruct the sentencing package to ensure that the overall sentence remains consistent with the guidelines and the § 3553(a) factors.  *Fowle*r, 749 F.3d at 1015-1016 (citing *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir.1996); *see also Pepper v. United States*, 131 S. Ct. 1229, 1251 (2011) (explaining that because "[a] criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent," which "may be undermined by altering one portion of the calculus, an appellate court when reversing one part of a defendant's sentence may vacate the entire sentence so that, on remand, the trial court can reconfigure the sentencing plan to satisfy the sentencing factors in 18 U.S.C. § 3553(a)") (alterations, citations, and quotation marks omitted).  The same principle applies to § 2255 proceedings.  *See Fowler*, 749 F.3d. at 1016-1017.

The Government responds that Defendant misapprehends the sentencing package doctrine because in this case the total sentence has not been disrupted or significantly altered (*e.g.*, vacated).  Thus, the "sentence package doctrine" does not authorize resentencing.  (ECF No.

74 at 8).   Defendant is not entitled to resentencing with regard to count five, and, as a result, the "sentencing package" doctrine does not apply.[2]

## CONCLUSION

Because *Johnson* does not apply to Defendant's sentence, his motion is barred by § 2255(h)(2) and should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   § 2255 11(b).

---

[2] The Government also points out that *Johnson* and *Descamps* do not hold that burglary cannot be a valid ACCA predicate, they just do not allow that result through the residual clause or under an overbroad statute.   The Government argues that both of Defendant's burglary convictions were traditional burglaries and crimes of violence.   In his first burglary, Defendant was arrested inside a woman's residence after breaking in. (ECF No. 68, PSR ¶ 41).   In his second burglary, Defendant broke in a residence while the occupants were sleeping and turned on the gas stove, in an apparent attempt to injure a woman who had a restraining order against him.   (ECF No. 68 at PSR ¶ 42).

Case Nos.: 4:02cr3/MW/CAS; 4:16cv304/MW/CAS

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. Defendant's amended motion to correct sentence under 28 U.S.C. § 2255, (ECF No. 73), be **DENIED** to the extent he seeks relief based on the Supreme Court's decision in *Johnson* and otherwise **SUMMARILY DISMISSED** for lack of jurisdiction.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, this 25th day of October, 2017.

<pre>          S\ CHARLES A. STAMPELOS
          <b>CHARLES A. STAMPELOS
          UNITED STATES MAGISTRATE JUDGE</b></pre>

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 4:02cr3/MW/CAS; 4:16cv304/MW/CAS